UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS WOOD, ) | Case No. 2:16-cv-00806-GMN-NJK |
| Plaintiff(s), ) | |
| ) | ORDER |
| vs. ) | |
| ) | (Docket No. 18) |
| GEICO CASUALTY COMPANY, ) | |
| ) | |
| Defendant(s). ) | |

Pending before the Court is Plaintiff's motion to compel and for sanctions, which was filed on an emergency basis. Docket No. 18. Defendant filed a response in opposition, and Plaintiff filed a reply. Docket Nos. 21, 22. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the emergency motion to compel and for sanctions is **GRANTED**.

I.  **COMPELLING DISCOVERY**

"When a party fails to provide requested discovery, the requesting party may move to compel that discovery." *Nationstar Mtg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, __ F.R.D. ___, 2016 WL 4071988, *2 (D. Nev. July 28, 2016). The party seeking to avoid discovery bears the burden of explaining why discovery should be denied. *See, e.g.*, *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 465-69 (N.D. Tex. 2015) (addressing burdens following 2015 amendments to the discovery rules). Although the applicable rules were amended in some ways in 2015, relevance remains a touchstone for determining the proper scope of discovery. *See* Fed. R. Civ. P. 26(b)(1); *see also In re*

*Bard IVC Filters Prod. Liab. Litig.*, __ F.R.D. ___, 2016 WL 4943393, at *1-2 (D. Ariz. Sept. 16, 2016) (quoting Rule 26 Advisory Committee Notes (2015)).[1] Moreover, "[d]espite the recent amendments to Rule 26, discovery relevance remains a broad concept" that is to be construed liberally. *Federal Nat'l Mortg. Assoc. v. SFR Investments Pool 1, LLC*, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016) (overruling objections to magistrate judge order); *see also Haghayeghi v. Guess?, Inc.*, 168 F. Supp. 3d 1277, 1280 (S.D. Cal. 2016); *United States ex rel. Shamesh v. CA, Inc.*, 314 F.R.D. 1, 8 (D.D. C. 2016).

The sole question before the Court is whether Defendant's claims file is relevant to Plaintiff's cause of action that Defendant breached its contract with respect to underinsured motorist coverage. The "case law in this District [makes clear] that information in a claims file is relevant and discoverable to the insurer's decision to deny benefits and rationale under a breach of contract claim." *Flonnes v. Prop. & Cas. Co. of Hartford*, 2013 WL 54008659, at *2 (D. Nev. Sept. 25, 2013) (discussing *Henderson v. Property & Cas. Ins. Co. of Hartford*, 2012 WL 3730533, at *6 (D. Nev. Aug. 28, 2012)). The Court follows suit here, and finds that the claims file is relevant and discoverable.

Accordingly, the motion to compel will be granted and the documents sought by Request Nos. 3 and 9 shall be produced within 14 days of the issuance of this order.

## II.   SANCTIONS

Upon granting a motion to compel, the Court must award the prevailing party its expenses (including attorneys' fees) in bringing that motion unless there exists substantial justification or other circumstances making an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Discovery conduct is substantially justified under Rule 37 "if reasonable people could differ on the matter in dispute." *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 435 (D. Nev. 2006). "The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified." *Izzo v. Wal-Mart Stores, Inc.*, 2016 WL 593532, at *4 (D. Nev. Feb. 11, 2016) (quoting *Collins v. Landry's Inc.*, 2014 WL 2770702, at *4 (D. Nev. June 17, 2014)).

---

[1] The discovery sought must also be proportional to the needs of the case, Fed. R. Civ. P. 26(b)(1), an issue that is not raised with respect to the pending motion.

Defendant argues that substantial justification exists because "it is GEICO's position that the claim file is not relevant." Docket No. 21 at 3.  The fact that a party holds a particular position does not render that position substantially justified.  *Cf. Flonnes*, 2013 WL 54008659, at *2 ("A party may consider its position to be reasonable, but not be substantially justified as determined by the Court with reference to Rule 37").  Moreover, at least one other judge in this District has previously found the same position advanced here to not be substantially justified.  *Id.*  The Court finds that Defendant failed to meet its burden of establishing substantial justification and, therefore, awards Plaintiff his expenses in filing the motion to compel.

The Court encourages the parties to reach an agreement themselves as to the amount of those expenses.  If they are unable to do so, Plaintiff shall file a "Motion to Calculate Attorneys' Fees" attaching appropriate paperwork for the Court to determine an appropriate amount of expenses to be awarded.[2]  That motion shall be filed no later than October 21, 2016.

### III.  CONCLUSION

For the reasons discussed above, the motion to compel and for sanctions is **GRANTED**.

IT IS SO ORDERED.

DATED: October 14, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] In reply, Plaintiff discusses at some length the reasonableness of his attorneys' fees.  *See* Docket No. 22 at 5-8.  The Court does not consider arguments made for the first time in reply, *see, e.g.*, *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996), so the reasonableness of the fee request will be analyzed through a separately filed motion to the extent the parties do not resolve that issue among themselves.